**FILED**

4:46 pm, 6/18/24

**U.S. Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No.  L:23-PO-00878-ABJ |
| | Case No.  L:23-PO-00879-ABJ |
| CLAUDIA COLEINE, | |
| LAURA SELBMANN | |
| Defendants. | |

ORDER DENYING DEFENDANTS' MOTION TO CORRECT CLEAR ERROR
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)

This matter comes before the Court on the Defendants' Motion to Correct Clear Error Pursuant to Federal Rule of Criminal Procedure 35(a). ECF No. 39; ECF No. 36. Defendants' arguments are based on Double Jeopardy claims stemming from the counts to which they entered guilty pleas. This Court FINDS: there is no clear error, and furthermore, the Court does not have jurisdiction over the request since it is beyond the 14-day time limit set out in Fed. R. Crim. P. 35(a). As such, the Court will not rule on the Double Jeopardy issue.

## I.  **BACKGROUND**

On October 27, 2023, the Defendants were charged with three Class B misdemeanors, thermal trespass, violating a closure and possessing a mineral resource. ECF Nos. 1, 4, 5; ECF Nos. 1, 4, 5. After a series of status conferences, the case was set for an Initial Appearance on May 15, 2024, with the aid of an Italian interpreter. ECF Nos.

1

29, 38; ECF Nos. 27, 37. The Court was informed that the Defendants had plea agreements with the government and would be entering guilty pleas to some counts. On May 13, 2024, the government filed five additional charges—the final pending charges prior to the change of plea included: one count of violating a permit, one count of possession of mineral resources, two counts of thermal trespass, two counts of a closure violation and two counts of destroying a mineral resource. ECF Nos. 1, 4, 5, 30, 31, 32, 33, 34; ECF Nos. 1, 4, 5, 28, 29, 30, 31, 32. The repeated charges covered two dates and two areas of Yellowstone National Park: a set of violations on October 20, 2023, at Midway Geyser Basin; and a set of violations on October 21, 2023, at Mammoth Hot Springs.

On May 15, 2024, after the Court advised the Defendants of all the charges, the government set forth the terms of the plea agreement which entailed the Defendants pleading guilty to one count of violating a permit, one count of possession of a mineral resource, one count of thermal trespass, one count of a closure violation and one count of destroying a mineral resource with agreed upon fine amounts for all violations and a term of probation. Of the latter three mentioned counts, the parties had not agreed upon the specific counts to which the Defendants would plead to, and the government left it to the Defendants to choose which counts. After conferring privately with counsel, the Defendants stated they would plead to the counts involving the Midway Geyser Basin on October 20, 2023. ECF Nos. 30, 32, 33; ECF Nos. 29, 30, 32. The Court took the guilty pleas, inquired of the Defendants under oath for a factual basis, all parties agreed to the sufficiency of the factual basis and after sentencing arguments from both parties, the Court

imposed sentence, adopting the parties' joint recommendations for the financial penalties and probationary term. ECF Nos. 38, 40; ECF Nos. 37, 38.

The Defendants filed the pending Motion on May 22, 2024, seven days after the Court pronounced sentence, and now claim that pleading to, and being sentenced to, both the possession of mineral resources and the destroying of mineral resources violated the Double Jeopardy clause and that this is "clear error" for purposes of Rule 35(a). This issue was not raised at the change of plea hearing or at sentencing.

The government filed its response to the instant Motion, arguing that a defendant may not raise a Double Jeopardy claim after a guilty plea and conviction are final, and the two counts claimed to be duplicative were factually distinct instances and therefore Double Jeopardy does not apply. ECF No. 42; ECF No. 40.

## II.    **LEGAL DISSCUSSION**

Rule 35(a) of the Federal Rules of Criminal Procedure states, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). A court's authority under Rule 35(a) is "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." Fed. R. Crim. P. 35 Advisory Comm. Notes. The 14-day time limit is a hard-set timeframe the court has in which to issue an order correcting the sentence. *U.S. v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012). A court only has authority to correct an obvious error within the timeframe for filing an appeal. *Id*. This 14-day time limit is jurisdictional and a court loses jurisdiction to correct a sentence after

14 days, even when a motion to correct is timely filed. *Id.* at 1157 (*citing U.S. v. Griffin*, 524 F.3d 71, 83-84 (1st Cir. 2008)).

Under this premise, the purpose of Rule 35(a) is to correct those errors which are so obvious as to not require argument or briefings from the parties, but which are obvious errors on the face of the record. The Defendants' arguments in this case were not for the correction of this type of error. A "clear error" is one that would not require a seven-page brief full of arguments and case citations to which the government was obviously entitled to respond, and did respond, with its own seven-page brief with arguments and citations to the contrary.

Defendants argue that two of the citations they entered guilty pleas to were obvious in their duplication, and that everyone involved "overlooked" this clear error. Yet, Defendants did not file their motion until the seventh day of the 14-day time limit. Furthermore, the government argues these citations are not duplicate, and each charge is a distinct and separate violation. Based upon the information contained in the Defendants' Motion alone, the Court did not find it "clear" that these were duplicate charges, nor could the Court issue a ruling within the 14-day time limit unless the government conceded and agreed on the "clear error," which they did not. Therefore, the Court could not correct the sentence within the seven days left under Rule 35, and now has no jurisdiction to do so.

//

//

//

Therefore, IT IS ORDERED that the Defendants' Motion is DENIED due to lack of jurisdiction; and

IT IS FURTHER ORDERED the Court will not address the Double Jeopardy claim contained within the Motion in light of its lack of jurisdiction.

Dated this 18th day of June, 2024.


*Stephanie Hambrick*

STEPHANIE A. HAMBRICK
U.S. Magistrate Judge